UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS SMITH, JR., | ) | CASE NO. 1: 09 CV 132 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| KEITH SMITH, WARDEN, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Limbert, recommending denial of the pending Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254. Petitioner has filed objections to the Report and Recommendation (Doc. 12). For the reasons stated below, the Report and Recommendation is ACCEPTED.

**I. Standard of Review**

Under Fed. R. Civ. P.72(b) and 28 U.S.C. § 636, the district court reviews *de novo* the portion of a report magistrate judge to which a specific objection is made. The judge may accept, reject, or modify any proposed finding or recommendation. When no objections to a report and recommendation are made, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See* Advisory Committee Notes 1983 Addition to Federal Rule of Civil Procedure 72.

**II. Discussion**

The background facts were fully set forth in the Report and Recommendation. Following a jury trial, Petitioner was found guilty of murder with a firearm specification and of having a

weapon while under a disability. The convictions were based on the January 15, 2005 fatal shooting of 16-year-old Lennard Pinson at the Lonnie Burton Recreation Center in Cleveland, Ohio. Petitioner was sentenced on July 6, 2005.

With new counsel, on July 11, 2005, Petitioner appealed his conviction to the Ohio Court of Appeals. On July 3, 2006, the Ohio Court of Appeals affirmed Petitioner's conviction and sentence.

On August 17, 2006, Petitioner filed a notice of appeal to the Ohio Supreme Court, asserting that the prosecutor violated his constitutional rights by telling the jury that a vote for acquittal will sent a message to the community that disputes should be settled on the streets with guns and that the trial court violated his rights to notice of the charges against him and to an indictment by grand jury by instructing the jury on complicity where complicity was not charged in the indictment.

On November 1, 2006, the Ohio Supreme Court dismissed Petitioner's appeal as not involving a substantial constitutional question.

On March 28, 2006, while Petitioner's direct appeal was pending, Petitioner filed a motion with the trial court for leave to file a motion for a new trial based upon purportedly newly-discovered evidence. Petitioner filed a supplemental motion for leave to file a motion for a new trial on January 22, 2007. On February 9, 2007, the trial court denied Petitioner's motions. Petitioner filed a notice of appeal from the trial court's denial on March 3, 2007. The Court of Appeals affirmed the trial court's judgment on March 3, 2008. On April 16, 2008, Petitioner filed a notice of appeal to the Ohio Supreme Court. On July 9, 2008, the Ohio Supreme Court declined jurisdiction.

Petitioner filed this *habeas corpus* petition on December 18, 2008, asserting three grounds for relief: (1) prosecutorial misconduct where the prosecutor engaged in improper questioning and closing arguments that commented on Petitioner's assertion of his right to remain silent; (2) the prosecutor engaged in improper closing arguments designed to appeal to the passions of the jury and which also included improper attacks on defense counsel; and (3) error in refusing to allow evidence of actual innocence to be presented to the jury in a new trial.

The Magistrate Judge recommends denial of the petition. The Magistrate Judge determined Petitioner's claims are barred by the one-year statute of limitations and are procedurally defaulted.

**Statute of limitations**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), which applies in this case, Petitioner had one year from the date on which the judgment against him became final to file his petition. 28 U.S.C. § 2244(d)(1). The judgment became final on January 30, 2007 (90 days following the November 1, 2006 decision of the Ohio Supreme Court declining jurisdiction). The *habeas* petition was not filed until December 8, 2008.

The Magistrate Judge found that the statute of limitations was not tolled during the pendency of Petitioner's motions for leave to file a motion for a new trial and that no other basis for tolling existed. Petitioner objects that his motions for leave to file a motion for a new trial were sufficient to toll the statute because determining whether to grant or deny such a motion is a matter within the discretion of the trial court.

Petitioner has not demonstrated a basis for tolling. The AEDPA limitations period is

3

tolled during the pendency of a "properly-filed" application for state post-conviction or collateral relief.  *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000); 28 U.S.C. § 2244(d)(2).  An application is properly filed "when its delivery and acceptance are in compliance with the applicable law and the rules governing filings," including "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."  *Id.*  Petitioner's motions for leave to file a motion for a new trial here were found to be untimely by the Ohio courts under Ohio R. Crim. P. 33.  (*See* Doc. 5, Exhibit 20.)  Thus, the motions were not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) and do not toll the statute of limitations.

**Procedural default**

The Magistrate Judge also found Petitioner's grounds for *habeas* relief procedurally defaulted under *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986).  The Magistrate Judge found that grounds one and two of the petition were barred because Petitioner did not raise them as objections at trial and ground three, "a stand-alone actual innocence claim," is not cognizable and was not raised in compliance with Ohio's procedural requirements pursuant to Ohio R. Crim P. 33.

Petitioner objects to these determinations.  He contends grounds one and two were sufficiently reviewed by the Ohio courts because the Ohio Court of Appeals reviewed them for plain error.  However, as Magistrate Judge Limbert noted, plain error analysis by the Ohio Court of Appeals does not constitute a waiver of Ohio's requirement that contemporaneous objections be made at trial.  Furthermore, plain error review is not equivalent to a review on the merits.  (*See* R&R, citing *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006)).

As to ground three, as discussed above, the Ohio courts found that Petitioner failed to comply with Ohio R. Crim. P. 33 in seeking to obtain a new trial based on newly-discovered evidence.

**III. Conclusion**

Upon *de novo* review of Petitioner's objections, the Court accepts the determinations of the Magistrate Judge, and the findings and conclusions of the Magistrate Judge are incorporated herein by reference. The petition for a writ of *habeas corpus* is dismissed. Further, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Date: April 6, 2010      */s/ John R. Adams*
                         JOHN R. ADAMS
                         United States District Judge